UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PABLO JAVIER MEDINA MENDEZ,** *Petitioner* | § § § § | |
| v. | § § | No. 1:26-CV-430-ADA |
| **KRISTI NOEM, PAMELA BONDI, MIGUEL VERGARA, CHARLOTTE COLLINS, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** *Respondents* | § § § § § § § § § § § § | |

# ORDER

Before the Court is Petitioner Pablo Javier Medina Mendez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Medina Mendez asks the Court to order Respondents Kristi Noem, Pamela Bondi, Miguel Vergara, Charlotte Collins, United States Department of Homeland Security, United States Immigration and Customs Enforcement, and the Executive Office for Immigration Review to release Medina Mendez or provide him a bond hearing. *Id.* at 15.

Under 28 U.S.C. § 2243, a court

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

1

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Medina Mendez alleges he is entitled to a writ because he is being unlawfully detained without the availability of a bond hearing in violation of the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, the Suspension Clause, and agency regulations. *Id.* at 7-14.

In light of the foregoing, **IT IS ORDERED** that Respondents show cause in writing **by Wednesday, March 4, 2026**, as to why the Court should not grant Medina Mendez's petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Medina Mendez from the United States, or (2) transfer Medina Mendez to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).[1]

---

[1] In issuing this order, the Court acknowledges a recent, unpublished opinion issued by the Fifth Circuit, *Imran v. Harper*, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026). In that case, the Fifth Circuit held that the district court lacked jurisdiction to grant the petitioner's request for a stay of removal, finding that the petitioner's request was a challenge

SIGNED February 27, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

---

to a removal order and was thereby barred by 8 U.S.C. § 1252(g). *Id.* at *1. In *Imran*, however, the petitioner was subject to a removal order and sought relief from that pending order. *Imran v. Harper*, No. 1:25-cv-00841-DDD-JPM, Dkt. 1 at 5, 8, 14 (W.D. La. June 16, 2025). Here, in contrast, Medina Mendez is not subject to a removal order and is instead challenging the lawfulness of his detention during ongoing removal proceedings. *See* Dkt. 1. Accordingly, by ordering Respondents not to remove Medina Mendez from the United States or transfer him out of the Division during the pendency of this litigation, the Court is not preventing the execution of a removal order but rather preserving its ability to hear the case, which it is permitted to do. *See United Mine Workers*, 330 U.S. at 293; *United States v. Shipp*, 203 U.S. 563, 573 (1906); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (explaining § 1252(g) bars the court's jurisdiction only with respect to the three discrete actions mentioned in the statute); *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000) (noting that § 1252(g) does not prohibit courts from reviewing a noncitizen detention order).